UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

INTEGRATED DESIGN ENGINEERING : 
AND ANALYSIS SERVICES, INC., : Case No. 5:20-cv-00563
 :
      Plaintiff, :
 :
vs. :
 : OPINION & ORDER
GIDDY HOLDINGS, INC., *et al.*, : [Resolving Doc. 10]
 :
 :
      Defendants. :

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Plaintiff moves to remand this case to state court.[1] Plaintiff argues that the Parties contractually agreed to adjudicate their dispute in the Stark County Court of Common Pleas.[2]

    Defendants oppose.[3] Defendants argue that the Sixth Circuit requires any waiver of the statutory right of removal to be "clear and unequivocal" and that the Parties' contract's venue provision did not meet this standard.[4]

    Defendants are correct. Because the Parties' venue provision did not clearly and unequivocally waive the right to remove, the Court **DENIES** Plaintiff's motion to remand.

---

[1] Doc. 10.
[2] *Id.*
[3] Doc. 11.
[4] *Id.* at 3 (citing *Cadle Co. v. Reiner, Reiner, & Bendett*, P.C., 307 F. App'x. 884, 888 (6th Cir. 2009)).

Case No. 5:20-cv-00563
Gwin, J.

## Background

Plaintiff Integrated Design Engineering and Analysis Services acts as an Ohio manufacturing company.[5] Defendant Giddy Holdings is a Texas distributor of erectile dysfunction devices.[6] Defendant Brett Jacobson is Defendant Giddy's CEO.[7]

Plaintiff and Defendants had a business relationship from 2018 through 2019.[8] Defendant Giddy used Plaintiff Integrated Design to source, design, and manufacture erectile dysfunction products and product components.

The Parties' arrangement gave rise to several disputes.[9] To resolve these disputes, on January 14, 2020, the Parties agreed to an "Inventory Purchase and Settlement Agreement."[10]

Despite the settlement agreement, the Parties continue to fight over parts of their relationship and performance. On February 21, 2020, Plaintiff Integrated Design sued Defendants Giddy and Jacobson in the Stark County Court of Common Pleas.[11] Plaintiff claimed that Defendants breached the January 14, 2020 settlement agreement.[12] Defendants timely removed the case to federal court.[13]

---

[5] Doc. 1-1 at 3.
[6] *Id.* at 4.
[7] *Id.*
[8] *Id.*; Doc. 4 at 2.
[9] *See generally* Doc. 1-1; Doc. 15.
[10] Doc. 1-1 at 5.
[11] Doc. 10-1.
[12] *Id.*; Doc. 15 at 4.
[13] Doc. 1.

Case No. 5:20-cv-00563
Gwin, J.

## Discussion

Plaintiff Integrated Design now moves to remand, arguing that Defendants waived their federal court removal right when they agreed to the settlement agreement's venue clause.[14] The venue clause provides:

> 8.9. Applicable Law. All disputes arising under this Agreement shall be governed by and interpreted in accordance with the laws of Ohio, without regard to principles of conflict of laws. The Parties to this Agreement will submit all disputes arising under this Agreement to court in Stark County, Ohio. No Party to this Agreement will challenge the jurisdiction or venue provisions as provided in this section.[15]

Pursuant to this clause, Plaintiff argues that only the Stark County Court of Common Pleas may adjudicate Plaintiff's claims.[16] Plaintiff further ask for fees it incurred as a result of the improper removal because Defendants knowingly refused to follow the forum-selection clause.[17]

Under 28 U.S.C. § 1441(a), a defendant may remove a state-court action when a federal court would have original jurisdiction over the action. "The right of removal of a suit from state court to federal court is a statutory right," and if the statutory requirements are met, a defendant is entitled to removal.[18]

The statutory right to remove may be waived, but any such waiver must be "clear and unequivocal."[19] In determining what constitutes a "clear and unequivocal" intent to waive a right to remove, the Sixth Circuit has held that "[a] clause that does not even

---

[14] Doc. 10 at 8-10.
[15] Doc. 10-1.
[16] Doc. 10 at 16-17.
[17] *Id.* at 17 (citing 28 U.S.C. § 1447(c)).
[18] *Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990) (citing 28 U.S.C. § 1441).
[19] *Cadle Co.*, 307 F. App'x at 888.

-3-

Case No. 5:20-cv-00563
Gwin, J.

mention either removal or the party seeking to remove cannot be a clear waiver of removal."[20] Notably, the Sixth Circuit has set the bar higher than other circuits have.[21]

Plaintiff's motion to remand fails because Defendants did not "clearly and unequivocally" waive their right to remove. The Parties' settlement-agreement venue provision "does not even mention either removal or the party seeking to remove."[22]

Plaintiff's argument to the contrary is unpersuasive.[23] Plaintiff argues that two contract provisions show Defendants' clear and unequivocal waiver: (1) the agreement to the "specific locale" of Stark County and (2) the agreement to not challenge the jurisdiction or venue.[24]

But the Sixth Circuit has already rejected Plaintiff's two arguments. In *Cadle*, the Sixth Circuit considered a clause similar to that at issue in this case, which read:

> All disputes as to any amounts charged or services rendered, or as to these Terms of Representation shall be resolved in the Newton Falls, Ohio Municipal Court or the Trumbull County, Ohio Common Pleas Court, depending on the amount in controversy, and shall be resolved pursuant to the laws of the State of Ohio.[25]

The Sixth Circuit held that the forum-selection clause, despite the specific location language, and despite the specific courts designation, was insufficient to trigger a "clear

---

[20] *Id.* (quoting *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 347 (6th Cir. 2008)).
[21] *See, e.g.*, *LaSalle Grp., Inc. v. Tiger Masonry, Inc.*, No. 10-11328, 2010 WL 4167257 (E.D. Mich. Oct. 15, 2010) (comparing standards in the Third and Sixth Circuits).
[22] *Cadle Co.*, 307 F. App'x at 888 (quoting *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 347 (6th Cir. 2008)).
[23] *See id.* at 15-17 ("[T]he Sixth Circuit's clear and unequivocal standard does not require magic words but, instead, requires the District Courts to undertake a general contract interpretation approach and determine whether the language in the contract is sufficient to create a waiver.").
[24] Doc. 10 at 17.
[25] 307 F. App'x at 885.

-4-

Case No. 5:20-cv-00563
Gwin, J.

and unequivocal" waiver because the clause "neither mention[ed] removal nor set[ ] forth an explicit waiver of that right."[26]

*Cadle* likewise precludes Plaintiff's argument that Defendants waived their removal rights by agreeing to not challenge jurisdiction or venue. The agreement to forego jurisdiction and venue challenges says nothing about removal, so, under *Cadle*, it does not constitute a waiver of removal rights.[27]

### IV. CONCLUSION

Plaintiff's motion to remand is **DENIED**. Because the settlement agreement did not clearly and unequivocally waive removal rights, Plaintiff's request for fees is also **DENIED**.

IT IS SO ORDERED.

Dated: August 19, 2020            *s/ James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE

---

[26] *Cadle Co.,* 307 F. App'x at 888.
[27] *Id.*