UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| INTEGRATED DESIGN ENGINEERING AND ANALYSIS SERVICES, INC. d/b/a RAPIDMOLDS.COM, <br><br> Plaintiff/Counterclaim Defendant, <br><br> vs. <br><br> GIDDY HOLDINGS, INC. and BRETT JACOBSON, <br><br> Defendants/Counterclaim Plaintiffs' <br><br> vs. <br><br> GLOBAL PLASTICS, INC. and BRAD BORNE, <br><br> Counterclaim Defendants. | CASE NO. 5:20-cv-00563 <br><br> OPINION & ORDER <br> [Resolving Doc. 20] |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendants/Counterclaim Plaintiffs' Giddy Holdings, Inc. ("Giddy") and Brett Jacobson contracted with "Rapidmolds.com" and Counterclaim Defendant Brad Borne—who owns and operates Plaintiff/Counterclaim Defendant Integrated Design Engineering and Analysis Services, Inc. ("IDEAS")—for the design and manufacture of Giddy products.[1] After a payment and delivery dispute, Giddy and Rapidmolds.com signed a settlement agreement.[2] Plaintiff IDEAS sues for breach of the agreement.[3]

---

[1] Doc. 15. at 2.
[2] *Id.* at 4.
[3] Doc. 1-1.

Case No. 5:20-cv-00563
GWIN, J.

Giddy and Brett Jacobson sue IDEAS, Brad Borne, and Global Plastics, Inc. ("Global Plastics") for fraud, breach of the settlement agreement, fraudulent inducement,[4] and conversion.[5]

Counterclaim Defendant Global Plastics moves for judgment on the pleadings.[6] Global Plastics argues that it cannot be held liable for the actions of Rapidmolds.com or Counterclaim Defendants IDEAS and Borne.[7] Counterclaim Plaintiffs oppose.[8]

For the following reasons, the Court **GRANTS** Counterclaim Defendant Global Plastics' motion.

I. Background[9]

Counterclaim Plaintiff Giddy sells and distributes FDA-approved medical devices that treat erectile dysfunction.[10] Throughout 2018 and early 2019, Giddy worked with "Rapidmolds.com" on its product design and packing.[11] Counterclaim Defendant Brad Borne—who owns and operates Counterclaim Defendant IDEAS—was Giddy's primary contact for Rapidmolds.com.[12]

---

[4] The claim for conversion is against only IDEAS and Borne. Doc. 15. at 9-10.
[5] Doc. 15.
[6] Doc. 20.
[7] Doc. 20-1.
[8] Doc. 29.
[9] The Court takes these facts from Counterclaim Plaintiffs' complaint and describes them in the light most favorable to Giddy and Jacobson. *Reilly v. Vadlamudi*, 680 F.3d 617, 622-23 (6th Cir. 2012) (explaining that a court must "accept all well-pleaded factual allegation of the complaint as true and construe the complaint in the light most favorable to the plaintiff.").
[10] Doc. 15. at 2.
[11] *Id.*
[12] *Id.*

-2-

Case No. 5:20-cv-00563
GWIN, J.

At some point before late 2019, Borne arguably told Giddy that Rapidmolds.com was a partnership between IDEAS and Global Plastics.[13] No evidence shows that Global Plastics knew of the representation or authorized the partnership representation.

In late 2019, Giddy placed a purchase order with Rapidmolds.com, and Rapidmolds.com began managing the manufacture of Giddy products in China.[14]

Throughout late 2019 and early 2020, Giddy and Rapidmolds.com's business relationship deteriorated, resulting in several disagreements between the parties.[15]

On January 14, 2020, Counterclaim Plaintiffs Giddy and Jacobson and Rapidmolds.com entered into an "Inventory Purchase and Settlement Agreement" in an attempt to resolve their disputes.[16] Under the agreement, Giddy would place another purchase order with Rapidmolds.com in exchange for the January 15, 2020 release of 22,000 "Giddy-packs" to Giddy's shipper of choice.[17] Global Plastics was not involved in this settlement.

On January 15, 2020, the Chinese manufactures refused to release the "Giddy-packs" to Giddy's shipper of choice.[18] This litigation followed.

Plaintiff IDEAS sues Defendants Giddy and Jacobson for breach of the settlement agreement.[19] In turn, Giddy and Jacobson sue IDEAS, Global Plastics, and Brad Borne for fraud, breach of the settlement agreement, fraudulent inducement,[20] and conversion.[21]

---

[13] *Id.*
[14] Doc. 15. at 2.
[15] *Id.* at 3-4.
[16] *Id.* at 4.
[17] *Id.* at 4-5.
[18] Doc. 15. at 5.
[19] Doc. 1-1.
[20] The claim for conversion is against only IDEAS and Borne. Doc. 15. at 9-10.
[21] Doc. 15.

-3-

Case No. 5:20-cv-00563
GWIN, J.

Giddy and Jacobson claim that Global Plastics is liable as a partner for Rapidmolds.com's conduct.[22] Global Plastics responds that it never agreed to a partnership involving Rapidmolds.com with IDEAS and Borne.[23]

On July 14, 2020, Counterclaim Defendant Global Plastics moved for judgment on the pleadings based on its claim that it was not a partner in Rapidmolds.com.[24] Counterclaim Plaintiffs Giddy and Jacobson oppose.[25]

## II. Discussion

Counterclaim Plaintiffs' base their partnership claims against Global Plastics solely on Rapidmolds.com's representations and actions.[26] Global Plastics argues that Counterclaim Plaintiffs failed to plead facts sufficient to establish that Rapidmolds.com was a partnership between IDEAS, Global Plastics, and Brad Borne.[27] Thus, Global Plastics says that it cannot be liable.[28]

When considering a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."[29] But the court "need not accept as true legal conclusions or unwarranted factual inferences."[30] A complaint survives "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

---

[22] *Id.* at 2, 5-8.
[23] Doc. 16. at 7.
[24] Doc. 20-1.
[25] Doc. 29.
[26] Doc. 15. at 2, 5-8.
[27] Doc. 20-1.
[28] *Id.*
[29] *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008).
[30] *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581-82 (6th Cir. 2007).

-4-

Case No. 5:20-cv-00563
GWIN, J.

the defendant is liable for the misconduct alleged."[31]

Here, Counterclaim Plaintiffs Giddy and Jacobson fail to state facts sufficient to infer that Global Plastics was a partner or purported partner in Rapidmolds.com.

Under Ohio law,[32] "any association of two or more persons to carry on as co-owners of business for-profit forms a partnership."[33] Even if there is no official partnership,

> "[i]f a person, by words or conduct, purports to be a partner, or consents to being represented by another as a partner, in a partnership or with one or more persons not partners, the purported partner is liable to any person to whom the representation is made if that person, relying on the representation, enters into a transaction with the actual or purported partnership."[34]

"Persons who are not partners as to each other are not liable as partners as to other persons" unless they purported to be partners or gave another consent to represent them as partners.[35]

### A. Actual Partner

Giddy and Jacobson do not state any facts suggesting that Global Plastics had an ownership interest in Rapidmolds.com.[36]

---

[31] *Reilly v. Vadlamudi*, 680 F.3d 617, 622-23 (6th Cir. 2012).

[32] Federal courts exercising diversity subject matter jurisdiction apply the choice-of-laws rules from their forum state. *State Farm Mut. Ins. Co. v. Norcold, Inc.*, 849. F.3d 328, 331 (6th Cir. 2017). In Ohio, a court does not need to conduct a choice-of-law analysis unless there is a conflict between Ohio laws and another jurisdiction's potentially applicable laws. *Glidden Co. v. Lumbermens Mut. Cas. Co.*, 112 Ohio St.3d 470, 474-75 (2006). In their briefings, both Counterclaim Plaintiffs Giddy and Jacobson and Counterclaim Defendant Global Plastics assume Ohio law applies. Docs. 20-1 and 29. But even if Texas law applies, the outcome would be the same. *See CCR, Inc. v. Chmaberlain*, No. 13-97-312-cv, 2000 WL 35721225, at *10 (Tex. App. Corpus Christi, June 1, 2000, pet. denied) (Not designated for publication). In Texas, partnership by estoppel requires: "(1) a representation that the one sought to be bound is a partner; and (2) the one to whom the representation is made must rely on the representation." *Id.* "The representation may be made directly by the alleged partner, or by others, provided the alleged partner knowingly allows others to make the representation and fails to correct them." *Id.* Giddy and Jacobson have not pled facts sufficient for the Court to infer that Global Plastics knowingly allowed Borne to represent that it was a partner in Rapidmolds.com. Thus, this Court does not need to conduct a choice-of-laws analysis.

[33] Ohio Rev. Code § 1776.22.
[34] Ohio Rev. Code § 1776.38(A).
[35] Ohio Rev. Code § 1776.38(E).
[36] Doc. 15.

Case No. 5:20-cv-00563
GWIN, J.

Thus, the Court cannot infer that Global Plastics could be liable for Rapidmolds.com's conduct as an actual partner.

### B. Purported Partner

Giddy and Jacobson do not state any facts suggesting that Global Plastics ever represented or acted as a partner in Rapidmolds.com.[37] Nor do Giddy and Jacobson state any facts suggesting that Global Plastics gave Borne consent to represent that Global Plastics was a partner in Rapidmolds.com.[38]

The only factual support Counterclaim Plaintiffs' provide for their claim that Global Plastics was an actual or purported partner in Rapidmolds.com is their statement that "Mr. Borne represented to Defendants/Counterclaim Plaintiffs that Rapidmolds.com was a partnership between IDEAS and Global Plastics, Inc."[39]

But any Borne statement, standing alone, is insufficient to establish Global Plastics' partnership liability.[40] Ohio law states only that *a party who holds themselves out as a member of a partnership* or *gives another consent to represent them as a partner* will be liable for the purported partnership's actions.[41]

Thus, the Court cannot infer that Global Plastics could be liable for Rapidmolds.com's conduct as a purported partner.

---

[37] *Id.*
[38] *Id.*
[39] Doc. 15.
[40] *Id.* at 2.
[41] Ohio Rev. Code § 1776.38(A).

-6-

Case No. 5:20-cv-00563
GWIN, J.

### III. Conclusion

The Court **GRANTS** Counterclaim Defendant Global Plastics' motion for judgment on the pleadings. The Court finds that Counterclaim Plaintiffs' have not pled facts sufficient to find partnership liability against Global Plastics. The Court **DISMISSES** Counterclaim Plaintiffs' claims with respect to Counterclaim Defendant Global Plastics.

IT IS SO ORDERED.

Dated: September 1, 2020         *s/      James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE