UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| INTEGRATED DESIGN ENGINEERING AND ANALYSIS SERVICES, INC. d/b/a RAPIDMOLDS.COM, | CASE NO. 5:20-cv-00563 |
|  | OPINION & ORDER |
|  | [Resolving Doc. 50] |
| Plaintiff/Counterclaim Defendant, |  |
| vs. |  |
| GIDDY HOLDINGS, INC. and BRETT JACOBSON, |  |
| Defendants/Counterclaim Plaintiffs. |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Integrated Design Engineering and Analysis Services, Inc. ("IDEAS"), doing business as rapidmolds.com, sues Defendants Giddy Holdings, Inc. and Brett Jacobson for breach of contract.  In turn, Giddy Holdings and Jacobson countersue for breach of contract, fraud, fraudulent inducement, and conversion.

The parties jointly move for a protective order.[1]

Under Rule 26(c), a court may issue a protective order "for good cause" to prevent "annoyance, embarrassment, oppression, or undue burden or expense."[2]  The party seeking the protective order must establish "with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements," that such an order is necessary to prevent "specific prejudice or harm."[3]

---

[1] Doc. 50.
[2] Fed. R. Civ. P. 26(c)(1).
[3] *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 237 (6th Cir. 2016).

Case No. 5:20-cv-00563
GWIN, J.

In this case, the parties ask the Court to issue an order that protects "confidential information" from public disclosure.[4] And in their proposed protective order, information is confidential upon a party's "good faith determination that the documents contain information protected from disclosure."[5] The parties contend they need a protective order because "materials exchanged in discovery will likely include infomraiton [sic] which relates to processes and records of sale, that are confidential and proprietary to the parties."[6]

The parties have plainly failed to show "with a particular and specific demonstration of fact" that they need a protective order. Moreover, this Court "cannot abdicate its responsibility to oversee the discovery process and to determine whether filings should be made available to the public" by relying on the parties' "good faith determination[s]" that certain information is "confidential."[7]

The Court **DENIES** the parties' joint motion for a protective order.

IT IS SO ORDERED.

Dated: December 28, 2020         *s/      James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE

---

[4] Doc. 50-1.
[5] *Id.*
[6] Doc. 50.
[7] *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996).