UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| INTEGRATED DESIGN ENGINEERING AND ANALYSIS SERVICES, INC., | : : : : | CASE NO. 5:20-cv-00563 OPINION & ORDER [Resolving Doc. 130] |
| Plaintiff, | : : | |
| v. | : : | |
| GIDDY HOLDINGS, INC. et al., | : : | |
| Defendant. | | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendants Giddy Holdings, Inc. and Brett Jacobson (collectively, "Defendants") move this Court to stay execution of the judgment pending appeal without requiring a supersedeas bond.[1] Plaintiff Integrated Design Engineering and Analysis Services ("IDEAS") opposes the motion.[2]

For the following reasons, the Court **DENIES** Defendants' motion to stay pending appeal without requiring a supersedeas bond.

I. Background

In June 2019, Defendant Giddy contracted with Plaintiff IDEAS to manufacture Defendants' product.[3] After a payment and delivery dispute, the parties entered into a settlement agreement.[4] In this case, Plaintiff IDEAS sued Defendants for breach of that agreement.[5]

---

[1] Doc. 130; Fed. R. Civ. P. 62.
[2] Doc. 139.
[3] Doc. 59-1.
[4] Doc. 59-2.
[5] Doc. 1-1.

Case No. 5:20-cv-00563
GWIN, J.

In March 2021, this Court ruled on the parties' cross-motions for summary judgment.[6] Thereafter the only remaining issue was the amount of Plaintiff's damages. Following a jury trial in April 2021, the Court entered final judgment in favor of Plaintiff IDEAS in the amount of $125,600.[7] Defendants filed a notice of appeal in May 2021.[8]

Defendants now move this Court to stay execution of the judgment against Defendants pending appeal without requiring a supersedeas bond.[9] Defendants argue their financial situation warrants this.[10] Plaintiff IDEAS opposes the motion.[11]

## II.     Discussion

Under Fed. R. Civ. P. 62, an appellant may obtain a stay of proceedings to enforce a judgment pending appeal by providing a supersedeas bond.[12] The district court, however, has discretion to determine whether to grant a stay without requiring a bond.[13]

The bond requirement will generally only be excused when the appellant has demonstrated extraordinary circumstances.[14] To determine whether circumstances justifying a stay without bond exist, the Court may consider: (1) the protection offered by the bond to the prevailing party; (2) whether posting the bond would pose an undue financial burden on

---

[6] Doc. 70. This Court found that Defendants breached the settlement agreement. But the Court held that the liquidated damages provision was partially unenforceable.

[7] Doc. 109; Doc. 111. This amount does not include statutory interest from January 31, 2020 until the judgment is paid in full. The judgment amount is based upon the jury's verdict in the amount of $85,600 plus $40,000 as set forth in Doc. 70 partially enforcing the liquidated damages provision.

[8] Doc. 112.

[9] Doc. 130; Fed. R. Civ. P. 62.

[10] Doc. 130.

[11] Doc. 139.

[12] Fed. R. Civ. P. 62(b). *See Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (citing *Federal Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980)).

[13] *Arban*, 345 F.3d at 409 (internal citation omitted).

[14] *Selective Ins. Co. of the Se. v. RLI Ins. Co.*, No. 5:12CV2126, 2017 U.S. Dist. LEXIS 10344, at *3 (N.D. Ohio, Jan. 25, 2017) (internal citation omitted).

Case No. 5:20-cv-00563
GWIN, J.

the appellant; (3) the risk that appellee's interests may be irreparably harmed; and (4) the burden on the appellee to enforce the judgment in a foreign jurisdiction.[15]

Defendants have not demonstrated the extraordinary circumstances required to grant a stay without a bond. The Court requires a supersedeas bond in the amount of $140,000.[16] Unless a $140,000 supersedeas bond is posted, this case will not be stayed.

Defendants argue their financial hardship warrants a stay without a bond. Defendants state they are unable to satisfy the judgment or post a bond, and they currently have liens against their assets that exceed the judgment.[17] This is not enough to justify staying the judgment without a supersedeas bond.

The extraordinary circumstances required for departing from the bond requirement are not met by claims of financial hardship alone.[18] Defendants' financial hardship is instead a reason *not* to grant a stay without requiring a bond. Such a stay is within the district court's discretion to grant where the appellee's interest in collecting its judgment is adequately protected without a bond.[19] Here, Defendants' precarious financial situation means that Plaintiff IDEAS' interest in collecting its judgment is not protected.[20] The amount that Plaintiff IDEAS might be able to collect now would not necessarily be available in the future.[21]

---

[15] *Infocision Mgmt. Corp. v. Found. for Moral Law, Inc.*, No. 5:08CV1342, 2012 U.S. Dist. LEXIS 13657, at *11 (N.D. Ohio, Feb. 3, 2012) (citing *Verhoff v. Time Warner Cable, Inc.*, No. 3:05CV7277, 2007 U.S. Dist. LEXIS 93312, at *2 (N.D. Ohio Dec. 10, 2007)).

[16] This amount consists of the $125,600 judgment plus $14,400 in estimated post-judgment interest for the duration of the appeal.

[17] Doc. 130 at 2–3.

[18] *Arvest Bank v. Byrd*, No. 10-02004, 2012 U.S. Dist. LEXIS 157076, at *8–9 (W.D. Tenn. Nov. 1, 2012).

[19] *Arban*, 345 F.3d at 409.

[20] *See, e.g.*, *Infocision Mgmt. Corp.*, 2012 U.S. Dist. LEXIS 13657, at *12 ("Precisely because Defendant 'has minimal reserves,' Plaintiff (i.e., the prevailing party) needs protection from the possibility that, while the appeal is pending, Defendant's financial resources become even more diminished or, for that matter, non-existent.").

[21] *See Mengelkamp v. Lake Metro. Hous. Auth.*, No. 11-CV-2589, 2012 U.S. Dist. LEXIS 173109, at *4 (N.D. Ohio Dec. 6, 2012).

Case No. 5:20-cv-00563
GWIN, J.

In addition, Defendants argue that their ongoing investment efforts—which would theoretically improve their financial position—would be jeopardized by requiring a bond.[22] Defendants assert that Plaintiff IDEAS will therefore be *less* well protected if a bond is required.[23] This argument is also unavailing.

Defendants do not provide any details on the source or likelihood of the alleged forthcoming investments. Nor do Defendants provide any guarantee that once their financial situation improves, they will pay Plaintiff's judgment against them.

Defendants have failed to demonstrate extraordinary circumstances warranting a stay without requiring bond.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' motion to stay pending appeal without requiring a bond. The Court requires a bond in the amount of $140,000.[24]

IT IS SO ORDERED.

Dated: September 29, 2021    *s/    James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[22] Doc. 130 at 3–4.
[23] *Id.* at 4–5.
[24] This amount consists of the $125,600 judgment plus $14,400 in estimated post-judgment interest for the duration of the appeal.

- 4 -