UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| INTEGRATED DESIGN ENGINEERING AND ANALYSIS SERVICES, INC., | : : : : | CASE NO. 5:20-cv-00563 OPINION & ORDER [Resolving Doc. 165] |
| Plaintiff, | : : | |
| v. | : : | |
| GIDDY HOLDINGS, INC. et al., | : : | |
| Defendants. | | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendants Giddy Holdings, Inc. and Brett Jacobson (collectively, "Defendants") posted a bond of $140,000 and moved this Court to stay execution of the judgment pending appeal.[1] This Court approved the posted bond and granted the stay.[2] Defendants also requested that this Court vacate all current and pending garnishment, attachment, and other execution orders, and order all previously attached funds be returned to Defendants.[3] Plaintiff seeks clarification on the scope of the stay.[4]

With this decision, the Court must determine whether the Rule 62(b) stay—granted as a matter of right once Defendants posted sufficient bond—applies retroactively to extinguish pending garnishment and attachment orders.

For the following reasons, the Court **VACATES** all current and pending garnishment and attachment orders and **ORDERS** Plaintiff to return all previously attached funds to

---

[1] Doc. 162. Fed. R. Civ. P. 62(b).
[2] Doc. 163.
[3] *Id.*
[4] Doc. 165.

Case No. 5:20-cv-00563
GWIN, J.

Defendants. The Court further **ORDERS** Defendants to reimburse Plaintiff for reasonable costs incurred in collecting on judgment before this stay was entered.

## I. Background

In June 2019, Defendant Giddy contracted with Plaintiff IDEAS to manufacture Defendants' product.[5] After a payment and delivery dispute, the parties entered into a settlement agreement.[6] In this case, Plaintiff IDEAS sued Defendants for breach of that earlier settlement agreement.[7]

In March 2021, this Court ruled on the parties' cross-motions for summary judgment.[8] Thereafter the only remaining issue was the amount of Plaintiff's damages. Following a jury trial in April 2021, the Court entered final judgment in favor of Plaintiff IDEAS in the amount of $125,600.[9] Defendants filed a notice of appeal in May 2021.[10]

Defendants posted a bond of $140,000 and moved this Court to stay execution of the judgment pending appeal.[11] This Court approved the posted bond and granted the stay.[12]

Defendants separately requested this Court vacate all current and pending garnishment, attachment, and other execution orders, and order all previously attached funds be returned to Defendants.[13] Plaintiff seeks clarification on the scope of the granted stay.[14]

---

[5] Doc. 59-1.
[6] Doc. 59-2.
[7] Doc. 1-1.
[8] Doc. 70. This Court found that Defendants breached the settlement agreement. But the Court held that the liquidated damages provision was partially unenforceable.
[9] Doc. 109; Doc. 111. This amount does not include statutory interest from January 31, 2020 until the judgment is paid in full. The judgment amount is based upon the jury's verdict in the amount of $85,600 plus $40,000 as set forth in Doc. 70 partially enforcing the liquidated damages provision.
[10] Doc. 112.
[11] Doc. 162. Fed. R. Civ. P. 62(b).
[12] Doc. 163.
[13] *Id.*
[14] Doc. 165.

Case No. 5:20-cv-00563
GWIN, J.

## II. Discussion

Federal Rule of Civil Procedure 62(b) allows a stay as a matter of right once the appealing party posts a satisfactory bond.[15] Courts differ, however, on whether a stay granted pursuant to Rule 62(b) may be made retroactive to any enforcement actions taken before the stay was entered.[16]

The purpose of Rule 62(b) is to protect both parties' interests: it ensures that the prevailing party will recover in full if the decision is affirmed while protecting the appealing party against the risk that it will not be able to recover any payment already made in the event a decision is reversed.[17] Allowing retroactive application of the stay of judgment in this case best serves the purposes of the rule.[18]

Therefore, this Court grants Defendants' motion[19] in full and orders Defendants to reimburse Plaintiff for the reasonable costs incurred in obtaining the garnishments and attachment orders at issue.

## III. Conclusion

For the foregoing reasons, the Court **VACATES** all current and pending garnishment and attachment orders and **ORDERS** Plaintiff to return all previously attached funds to

---

[15] *Sofco Erectors, Inc. v. Trustees of Ohio Operating Engineers Pension Fund*, No. 2:19-CV-2238, 2021 WL 858728, at *2 (S.D. Ohio Mar. 8, 2021) ("A party appealing a decision by a federal district court 'is entitled to a stay of a money judgment as a matter of right if he posts a bond.'") (quoting *Am. Mfrs. Mut. Ins. Co. v. Am. Broad-Paramount Theaters, Inc.*, 87 S. Ct. 1, 3 (1966)). *See also Arban v. W. Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003).

[16] *Compare Fairlane Car Wash, Inc. v. Knight Enters., Inc.*, No. 07–10165, 2009 WL 2447616, at *2 (E.D. Mich. Aug. 6, 2009) (granting a request to make a Rule 62(d) [currently Rule 62(b)] stay retroactive), *with Larry Santos Prods. v. Joss Org., Inc.*, 682 F. Supp. 905, 906 (E.D. Mich. 1988) (denying a request to make a Rule 62(d) [currently Rule 62(b)] stay retroactive).

[17] *Maxum Indem. Co. v. Drive W. Ins. Servs., Inc.*, No. 1:13-CV-191, 2019 WL 340107, at *1 (S.D. Ohio Jan. 28, 2019) (internal citations omitted).

[18] *See Thunder Mountain Custom Cycles, Inc. v. Thiessen Prods., Inc.*, No. 06–02527, 2008 WL 5412469, at *4 (D. Colo. Dec.24, 2008) (noting that courts allowing retroactive applications of stays of judgments tend to do so because of the purported rationales behind Rule 62(d)'s bond requirement—to preserve the status quo—and for equitable reasons).

[19] Doc. 162.

Case No. 5:20-cv-00563
GWIN, J.

Defendants. The Court further **ORDERS** Defendants to reimburse Plaintiff for reasonable costs incurred in collecting on judgment before this stay was entered.

    IT IS SO ORDERED.

Dated: November 9, 2021                       *s/    James S. Gwin*
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE