UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| INTEGRATED DESIGN ENGINEERING AND ANALYSIS SERVICES, INC., | CASE NO. 5:20-cv-00563 |
| Plaintiff, | OPINION & ORDER [Resolving Doc. 169] |
| v. | |
| GIDDY HOLDINGS, INC. et al., | |
| Defendants. | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In April 2021, the Court entered final judgment in favor of Plaintiff IDEAS in the amount of $125,600.[1] Defendants filed a notice of appeal in May 2021.[2] After Defendants posted a $140,000 bond in October 2021, this Court stayed execution of the judgment pending appeal and ordered Defendants to reimburse Plaintiff for reasonable costs incurred in collecting on the judgment before the stay was entered.[3]

Plaintiff now requests $13,899.17 in costs and attorney's fees incurred in connection with its collection efforts.[4] Defendants oppose.[5] Plaintiff replies.[6]

With this motion, the Court determines whether attorney's fees are warranted under 28 U.S.C. § 1927, Fed. R. Civ. P. 11, or the Court's inherent power.[7]

For the following reasons, the Court **DENIES** Plaintiff's request for attorney's fees

---

[1] Doc. 109; Doc. 111. This amount does not include statutory interest.
[2] Doc. 112.
[3] Docs. 162; 163. Fed. R. Civ. P. 62(b).
[4] Doc. 169.
[5] Doc. 172.
[6] Doc. 173.
[7] 28 U.S.C. § 1927; Fed. R. Civ. P. 11; *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)).

Case No. 5:20-cv-00563
GWIN, J.

and **ORDERS** Plaintiff to submit to the Court itemized evidence regarding the reasonable costs that Plaintiff seeks reimbursement for.

## I. Background

In June 2019, Defendant Giddy contracted with Plaintiff IDEAS to manufacture Defendants' product.[8] After a payment and delivery dispute, the parties entered into a settlement agreement.[9] In this case, Plaintiff IDEAS sued Defendants for breach of that settlement agreement.[10]

Following an April 2021 jury trial, the Court entered final judgment in favor of Plaintiff IDEAS in the amount of $125,600.[11] Defendants filed a notice of appeal in May 2021.[12]

In September 2021, Defendants moved this Court to stay Plaintiff's efforts to enforce Plaintiff's judgment against Defendants pending appeal without a supersedeas bond.[13] Defendants said that, at the time, "[n]either Giddy Holdings nor Brett Jacobson have sufficient assets to post a bond."[14] This Court denied Defendants' motion.[15]

In October 2021, Defendants posted a $140,000 bond and moved this Court to stay execution of the judgment pending appeal.[16] This Court approved the posted bond and granted the stay.[17] This Court also vacated all current and pending garnishment, attachment, and other execution orders and ordered Plaintiff to return all previously attached funds to Defendants.[18] This Court further ordered Defendants to reimburse Plaintiff for reasonable

---

[8] Doc. 59-1.
[9] Doc. 59-2.
[10] Doc. 1-1.
[11] Doc. 109; Doc. 111.
[12] Doc. 112.
[13] Doc. 130.
[14] *Id.* at 3.
[15] Doc. 146.
[16] Doc. 162. Fed. R. Civ. P. 62(b).
[17] Doc. 163.
[18] Doc. 167.

Case No. 5:20-cv-00563
GWIN, J.

costs incurred in collecting on the judgment before this stay was entered.[19]

Plaintiff now requests $13,899.17 in attorney's fees and costs incurred during its collection efforts.[20] Plaintiff says this is required compensation for the additional expense caused by Defendants' bad faith claims of financial hardship and delay in posting a bond.

Defendants oppose Plaintiff's request.[21] Defendants argue that litigation costs are separate and distinct from attorney's fees. Defendants also say they have not acted in bad faith and therefore awarding attorney's fees is unwarranted.

## II. Discussion

Litigation costs and attorney's fees are distinct and, generally, attorney's fees are not awarded to the prevailing party as a matter of course.[22] This Court may, however, award attorney's fees when warranted under 28 U.S.C. § 1927, Fed. R. Civ. P. 11, or the Court's inherent power.[23] Attorney's fees are not warranted in this case.

Section 1927 authorizes courts to award attorney's fees for the "unreasonable and vexatious multiplication" of litigation.[24] An award of fees under § 1927 does not require a showing of bad faith, but requires "something more than negligence or incompetence."[25] Defendants' conduct does not warrant sanctions under § 1927. Defendants were entitled to seek a discretionary stay without posting a supersedeas bond and, once that stay was denied,

---

[19] *Id.*
[20] Doc. 169.
[21] Doc. 172.
[22] *Alyeska Pipeline Service Co.*, 421 U.S. at 247; *Shimman v. Int'l Union of Operating Engineers, Loc. 18*, 744 F.2d 1226, 1229 (6th Cir. 1984).
[23] 28 U.S.C. § 1927; Fed. R. Civ. P. 11; *Big Yank Corp.*, 125 F.3d at 313 (internal quotation omitted).
[24] 28 U.S.C. § 1927; *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986); *Holmes v. City of Massillon, Ohio*, 78 F.3d 1041, 1049 (6th Cir. 1996) ("[T]he application of § 1927 is warranted when an attorney has engaged in some sort of conduct that, from an objective standpoint, "'falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'") (internal quotation and citation omitted).
[25] *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (internal citation omitted).

Case No. 5:20-cv-00563
GWIN, J.

Defendants properly posted bond to stay proceedings as a matter of right.[26] Plaintiff was free to enforce the judgment before Defendants' posted bond and the stay was entered.

Rule 11 forbids any pleading submitted to a court from being "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."[27] If Rule 11 is violated, the court must impose sanctions.[28] Defendants' conduct did not violate Rule 11. Further, Plaintiff did not follow the procedures required by Rule 11 in bringing this motion for sanctions.[29]

Finally, the district court has the inherent power to assess attorney's fees against parties who willfully abuse the judicial process or who otherwise act in bad faith.[30] Defendants' have not abused the judicial process or acted in bad faith.[31]

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's request for attorney's fees and **ORDERS** Plaintiff to submit to the Court itemized evidence regarding the reasonable costs that Plaintiff seeks reimbursement for.

IT IS SO ORDERED.

Dated: December 14, 2021

*s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[26] Docs. 130; 146; 162; 163.
[27] Fed. R. Civ. P. 11(b)(1).
[28] Fed. R. Civ. P. 11(c); *INVST Fin. Grp. Inc. v. Chem–Nuclear Sys., Inc.*, 815 F.2d 391, 401 (6th Cir. 1987).
[29] Fed. R. Civ. P. 11(c) (requiring a 21-day "safe harbor" period during which the opposing party may voluntarily correct the challenged pleading).
[30] *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766–67 (1980).
[31] Plaintiff claims that Defendants misrepresented their financial position to the Court and that this constitutes bad faith. Doc. 169 at 2–4. However, as support for this assertion Plaintiff only shows Defendants' bank deposit information which does not give a complete picture of the financial health of a corporation so does not prove Defendants made any misrepresentations.

- 4 -